# 2013 ANNUAL FUNDING AGREEMENT
# BETWEEN
# THE SAC AND FOX NATION
# AND
# THE UNITED STATES OF AMERICA

## Section 1

**Negotiated Agreement** – Pursuant to the Tribal Self-Governance Act, Title IV of P.L. 93-638, as amended, the <u>Sac and Fox Nation</u> (herein referred to as the Nation), and the United States of America, through the Secretary of the Interior (herein referred to as the Secretary), have negotiated the following 2013 Annual Funding Agreement (herein referred to as AFA) for the assumption of responsibilities by the Nation for the various programs, services, functions, and activities (herein referred to as PSFAs) as specified in this document. The Agreement includes programs which are funded by or flow through the Bureau of Indian Affairs within the Department of the Interior (herein referred to as the BIA) for the benefit of the Nation.

## Section 2

**Programs, Services, Functions, and Activities Assumed by the Nation** – The Nation agrees to assume responsibility for the implementation of the programs identified in the attached REPROGRAMMING REQUEST for which funds have been transferred to the Nation. The Nation's budget categories listed below specify the programs for which program responsibilities are assumed. The Nation has broad authority to consolidate and redesign the programs and to reallocate funding between programs without further approval from the Secretary unless otherwise indicated in this Agreement.

1. Consolidated Tribal Government Program
2. Housing Improvement Program
3. Johnson O'Malley Program
4. Indian Child Welfare Program
5. Welfare Assistance Program
6. Executive Direction and Administration
7. Contract Support
8. Roads Construction, Planning and Bridge Programs
9. Law Enforcement and Corrections
10. Real Estate Appraisals

## Section 3

**Special Projects or Earmarked Programs, Services, Functions, and Activities** – The Nation is not authorized to redesign or reallocate any of the funds provided through this Agreement for PSFAs which are subject to special restriction imposed by statute or which are awarded to the Nation based on a competition or a special identified need. The amounts identified for these Special Projects or Earmarked PSFAs are the best estimates at the time of negotiation and are subject to adjustment based on actual award, selection of project, or distribution methodology

Exhibit 4 - FY 2013 AFA w/ Attachments

used by the Secretary, provided Self-Governance Tribes, other Tribes, and BIA agencies are treated similarly. Non-recurring PSFA funds are provided on a one-time basis for this year only.

The BIA's Reprogramming documents and OSG's Authority to Obligate (ATO) award documents will identify funds that are awarded on a one-time-only basis and are not guaranteed to be funded in subsequent fiscal year(s). Programs which meet this criteria are included in this Agreement.

## Section 4

**Non-Recurring Programs** – The Nation is eligible to participate in projects funded by BIA non-recurring programs and intends to participate in these programs in FY 2013. The BIA shall notify the Nation on the same basis as other Tribes when the Assistant Secretary makes a decision that additional funds are available. The BIA will treat all Tribes and BIA agencies the same in the distribution of these funds.

## Section 5

**Programs, Services, Functions, and Activities Retained by the Bureau of Indian Affairs** – Any program, service, function, or activity not listed as transferred to the Nation shall be assumed to be a retained function of the Secretary. In addition, the services related to any inherently Federal functions provided by the Secretary will be available to Self-Governance Tribes on the same basis as other Tribes. In cases where there are shared responsibilities between the Nation and the BIA, the respective roles of the parties will be specified in this Agreement or footnotes to the REPROGRAMMING REQUEST.

The Office of the Special Trustee for American Indians shall retain responsibility for the Beneficiary Processes Program.

## Section 6

**Amount of Funds** – Subject only to Congressional action and the terms of this Agreement, the Secretary shall make available and pay to the Nation the funds as negotiated and identified in the Fiscal Year 2013 REPROGRAMMING REQUEST, attached hereto as Attachment 1.

## Section 7

**Amendment or Modification of this Agreement** – Except as otherwise provided in this Agreement, the Compact, or by law, any modifications to this Agreement shall be in the form of a written amendment signed by the Nation and the OSG Director. It is recognized that there may be errors in calculations or other mistakes which may need to be renegotiated. Both parties agree to take corrective action when such errors are identified.

### Section 8

**Contract Support** – Subject to the availability of appropriations, the Secretary shall pay Contract Support Cost funds pursuant to the Indian Self-Determination and Education Assistance Act of 1975, as amended (Act). In order to distribute the Nation's share of the amounts appropriated by Congress for CSC, the Secretary will follow (a) NPM-SELFD-1, Contract Support Costs (2006) and (b) the August 25, 2006 "Dear Tribal Leader" letter from the Associate Deputy Secretary (distribution of direct CSC). Nothing in this agreement shall be construed as a waiver of either party's rights under the Act.

### Section 9

**Payment** – Funds due the Nation under this Agreement shall be paid as provided in Article II, Section 4 of the Compact. Specifically, the Secretary shall provide the total funding due the Nation under this Agreement in one lump sum payment, as expeditiously as possible by electronic transfer. However, for contract support funds, non-recurring funds and other funding amounts which cannot be immediately determined, the Secretary shall notify and pay to the Nation such amounts as expeditiously as possible, pursuant to Title IV, Section 403(g)(1)(2)(3)(4). The payment of funds for the Tribal Transportation Program including bridges (herein referred to as TTP) will be made in accordance with the TTP Addendum based on MAP-21 which will be negotiated, attached, and fully incorporated into this Agreement.

### Section 10

**No Reduction in Programs, Services, Functions, or Activities to Other Tribes** – In accordance with 25 U.S.C. § 458ff(a), also known as Section 406(a) of P.L. 103-413, as amended, nothing in this Agreement shall be construed to limit or reduce in any way services, contracts, or funds that any other Indian Tribe or Tribal Organization is eligible to receive under 25 U.S.C. § 450f or any other applicable Federal law.

### Section 11

**Subject to Availability of Funds** – All amounts identified in this Agreement are subject to Congressional action on appropriations and will be adjusted in accordance with 25 C.F.R. § 1000.104. Notification to the Nation of such adjustments will occur when amounts are known and available.

### Section 12

**Establishment of Self-Governance Base Budget** – The Nation elects to establish and maintain a Self-Governance base budget under Self-Governance pursuant to 25 C.F.R. § 1000.105. This consists of the actual amounts of recurring funding which have been base transferred from BIA budget accounts to the Nation's Self-Governance budget accounts. Adjustments to base budgets will be done in accordance with 25 C.F. R. § 1000.109. Non-recurring funds and any other one-time funding are not eligible to be included as part of the Nation's base. Pursuant to 25 U.S.C. § 458dd, the Secretary shall identify, in the annual budget request of the President to the Congress

under Section 1105 of Title 31, United States Code, any funds proposed to be included in agreements authorized under this Title.

## Section 13

**Stable Base Budget** – The AFA may provide for a stable base budget specifying recurring funds to be transferred for the period specified in the AFA, subject only to annual adjustment to reflect changes in Congressional appropriations [or pursuant to section 106(b) of P.L. 93-638, as amended].

## Section 14

**Term of Agreement** – The AFA for the Nation and the United States of America shall be for the period of October 1, 2012 to September 30, 2013 (Fiscal Year 2013). The term of the Agreement will remain in effect unless changed by Congressional action, the promulgation of Federal regulations, or an amendment to the AFA.

## Section 15

**Title I Provisions** – As authorized by 25 U.S.C. § 458cc(1), the Nation hereby exercises its option to include the following provisions of Title I of P.L. 93-638, as amended, as part of this AFA and the Compact, and these provisions shall have the same force and effect as if fully set out in Title IV of the Act and shall supersede any inconsistent provisions set forth in the Compact.

| 25 U.S.C. | | |
|---|---|---|
| | 103: | (grants to Indian Tribal Organizations); |
| | 106(a)(2) and (3): | (contract support costs); |
| | 450: | (congressional statement of findings); |
| | 450a: | (congressional declaration of policy); |
| | 450b: | (definitions); |
| | 450c(e): | (annual report to tribes); |
| | 450e(b): | (Indian preference); |
| | 450f(a)(2) and (a)(4): | (declination procedures); |
| | 450f(b): | (declination decisions); |
| | 450f(e): | (burden of proof in appeals); |
| | 450i(a) and (j): | (use of federal personnel); |
| | 450j(a)(1): | (exemption from federal contracting laws); |
| | 450j(f): | (excess or surplus property); |
| | 450j(g): | (performance of personnel services); |
| | 450j(k): | (access of federal source of supply); |
| | 450j(l): | (leasing of tribal facility); |
| | 450j(m): | [entire section except for subsection j(m)(1)(A)] (construction); |
| | 450j-1(a): | (minimum compact funding); |
| | 450j-1(b): | (prohibitions against reductions in funding); |
| | 450j-1(c): | (treatment of indirect costs); |
| | 450j-1(d): | (indebtedness liability); |

| | |
|---|---|
| 450j-1(e): | (limitations period on cost disallowed); |
| 450j-1(f): | (adding funds to AFA); |
| 450j-1(h): | (tribal consultation on budgets); |
| 450j-1(i): | (use of compact funds for matching or cost requirements); |
| 450j-1(k) to (n): | (suspension or withholding of funds, use of program income and savings); |
| 450k(e): | (waiver of regulations); |
| 450l(c): | the following subparagraphs only: |
| 1(a)(2): | (AFA and Compact liberally construed); |
| 1(b)(4): | (funding amount); |
| 1(b)(5): | (limitation of costs); |
| 1(b)(6)(B)(iii): | (payment of interest under Prompt Payment Act); |
| 1(b)(7)(A): | (exemption of tribal records from the Freedom of Information Act); |
| 1(b)(8)(A): | (transfer of divisible property); |
| 1(b)(8)(C): | (joint use agreement regarding non-divisible property); |
| 1(b)(8)(D): | (tribal authority to acquire excess property); |
| 1(b)(8)(E): | (Secretarial assistance in obtaining confiscated or excess property); |
| 1(b)(8)(F): | (issuance of screener identification card); |
| 1(b)(9): | (availability of funds); |
| 1(b)(10): | (Tribal authority to obtain interagency motor pool vehicles and related services); |
| 1(b)(11): | (exemption from program guidelines, manuals, and policy directives); |
| 1(d): | (obligations of the United States); |
| 1(e)(2): | (compact and AFA modifications); |
| 1(f)(2): | (AFA's); and |
| 450n: | (Tribal sovereign immunity and federal trust Responsibility). |

## Section 16

**Conflict Between Provisions of this Agreement and the Compact** – To the extent that provisions in this Agreement conflict with the Compact, this Agreement shall apply.

## Section 17

**Trust Training and Security Clearance** – Prior to being granted access to DOI automated information technology (IT) systems, the Nation's employees must successfully complete DOI trust automated technology systems training, the costs of which will be met by the BIA or OST. Further, prior to being granted access to DOI automated information technology systems and DOI Trust Records in any electronic data or hardcopy format, the Nation agrees its employees and employees of its contractors must be favorably screened and a final favorable suitability determination issued by the BIA or OST Personnel and Physical Security Office pursuant to

OMB Circular No. A-130 and DM 441. In addition, pursuant to Homeland Security Presidential Directive 12 (HSPD-12), the Nation's employees and employees of its contractors must also successfully go through a Personal Identity Verification process prior to being granted access to DOI automated information technology systems. These costs will be incurred by the BIA or OST, as appropriate, for each agency's respective programs, services, functions, and activities assumed and operated by the Nation under this Agreement.

## Section 18

**Trust Records Management** – The Nation agrees to:

(a) Preserve, protect and manage all fiduciary Trust Records, created and/or maintained by the Nation during its management of trust programs in its Title IV agreement. (A fiduciary Trust Record is any document that reflects the existence of an Indian trust asset and was used in the management of an Indian trust asset. An Indian trust asset refers to lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for a Tribe, Alaska natives or that are or were at a particular time restricted against alienation, for individual Indians. Management includes actions that influence, affect, govern or control an Indian trust asset. The following are examples not considered to be fiduciary Trust Records: general administrative, personnel or travel records; education records; law enforcement records; health records; law making unrelated to Indian trust assets; tribal council resolutions and laws unrelated to Indian trust assets; and tribal elections.)

(b) Make available to the Secretary all fiduciary Trust Records maintained by the Nation, provided that the Secretary gives at least two weeks advance written request to the Nation. Access shall include visual inspection and at the expense of the Secretary the production of copies (as agreed upon between the parties) and shall not include the removal of the records without tribal approval; and

(c) Store and permanently retain all inactive fiduciary Trust Records at the Nation or at the Nation's discretion allow such records to be removed and stored at the American Indian Records Repository (AIRR) in Lenexa, Kansas, at no cost to the Nation.

The Secretary agrees to:

(a) Allow the Tribe to determine what records it creates to implement the trust program assumed under its Title IV Agreement, except that the Nation must create the information required by statute and regulation. No additional record keeping requirements are required by this Agreement.

(b) Store all inactive fiduciary Trust Records at AIRR at no cost to the Nation when the Nation no longer wishes to keep the records. Further, the Nation will retain legal custody and determine access to these records and such records shall not be treated as Federal records for purposes of Chapter 5 of Title 5 of the United States Code unless expressly agreed to by the Nation;

(c) Create and manage a single tribal storage and retrieval system for all fiduciary Trust Records stored at AIRR. No records will be accepted at AIRR until such a retrieval system exists; and

(d) Provide technical assistance for the Nation in preserving, protecting and managing its fiduciary Trust Records from available funds appropriated for this purpose.

### Section 19

**Investments and Deposits** – The Nation may invest funds received under this funding agreement in accordance with 25 C.F.R. § 1000.398. Accordingly, Self-Governance funds may be invested if such investment is in: (a) Obligations of the United States; (b) Obligations or securities that are within the limits guaranteed or insured by the United States or mutual (or other) funds registered with the Securities and Exchange Commission and that only invest in obligations of the United States or securities that are guaranteed or insured by the United States; or (c) Deposits insured by an agency or instrumentality of the United States or are fully collateralized to ensure protection of the funds even in the event of a bank failure.

In addition, interest or investment income that accrues on the funding agreement may be used by the Nation in accordance with 25 C.F.R. § 1000.399. Accordingly, unless restricted by the AFA, interest or income earned on investments or deposits of self-governance awards may be: (a) Placed in the Nation's general fund and used for any purpose approved by the Nation; or (b) Used to provide expanded services under the self-governance AFA and to support some or all of the costs of investment services.

### Section 20

**Reporting** – The Nation agrees to provide applicable data and information to the BIA Southern Plains Regional Office pursuant to the Government Performance and Results Act of 1993 (P.L. 103-62) (GPRA). Before providing such information, the Nation will work with the Regional Office GPRA contact to determine applicable data and information needed to meet the requirements pursuant to the Act.

### Section 21

**Proposed Effective Date** – The proposed effective date of this Annual Funding Agreement will be 90 days following the submission of the signed Agreement to the Congress and to the other Tribes served by the BIA Agency Office. The proposed effective date is October 1, 2012. The successor Agreement shall be controlled by 25 C.F.R. § 1000.90. This Agreement shall remain in effect until September 30, 2013. In accordance with 25 C.F.R. § 1000.90, if the effective date of the successor AFA is not on or before the expiration of the current AFA, subject to terms mutually agreed to by the Nation and the Department at the time the current AFA was negotiated or in a subsequent amendment, the Nation may continue to carry out the programs authorized under the AFA to the extent adequate resources are available. During this extension period, the current AFA shall remain in effect, including coverage of the Nation under the Federal Tort Claims Act (FTCA) 28 U.S.C. 2671-2680 (1994), and the Nation may use any funds remaining under the AFA, savings from other programs or Tribal funds to carry out the programs. Nothing in this section authorizes an AFA to be continued beyond the completion of the programs authorized under the AFA or the amended AFA. This section does not entitle the Nation to receive, nor does it prevent the Nation from receiving, additional funding under any successor

AFA. The successor AFA must provide funding to the Nation at a level necessary for the Nation to perform the programs, services, functions, and activities or portions thereof (PSFAs) for the full period it was or will be performed. The amount of funding received by the Tribe in any fiscal year during which this Agreement is in effect is subject to Congressional appropriation, and the amount of funding a Tribe may receive in any given year is subject to change based on Congressional action.

## Section 22

**Appraisals** – The Nation and OST negotiated and executed a Memorandum of Understanding (MOU) for the Real Estate Appraisal Services Program in FY 2009. The operation of this program will be governed by the terms of the FY 2009 MOU, as amended, which is attached as Attachment 2 and incorporated into and made a part of this Agreement as if set out in full herein.

## Section 23

**Single Audit Copies** – In addition to the required copy to the Federal Audit Clearing House, the Nation is required to provide two copies of the audit financial statements and single audit report to the Office of Internal Evaluation and Assessment, DOI, 12220 Sunrise Valley Drive, Reston, VA 20191 phone (703) 390-6578, fax (703) 390-6325 or e-mail an electronic copy to OIEA@BIA.GOV.

**SAC AND FOX NATION**

BY: _[signature]_  DATE: 12/18/12

**SELF-GOVERNANCE DIRECTOR**
**UNITED STATES DEPARTMENT OF THE INTERIOR**

BY: _[signature] Marie M. Trueman_  DATE: JAN 2 8 2013

8

Self Governance 2013 Funding Agreement - Reprogramming Request   Office of Self-Governance   Thursday, September 27, 2012

Tribe: SAC AND FOX NATION
BIA Tribal Organization Code: B08824
OSG Tribal Compact Code: OSGT824
BIA Area Office: B00100 - SOUTHERN PLAINS REGION
BIA Agency Office: B08100 - SHAWNEE AGENCY

| Line Item | Program Title | Cost Code | Info Tribal Share | A OSG Cumulative Base | B OSG Shortfall Base | C OSG Shortfall Request | D BIA Reprogram Request | E=A+B+C+D Total AFA | FN |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Indian Reservation Roads Program - NON TPA | 31E00 | | | | | | | 1 |
| 4 | Tribal Transportation Planning - NON TPA | 36E00 | | | | | | | 2 |
| 7 | Real Estate Appraisals - NON TPA | 90710 | | | | | | | 3 |
| 15 | Technical Training - NON TPA | A3080 | | | | | | | |
| 16 | Facilities Administration-Operations - NON TPA | A3210 | | | | | | | |
| 17 | Detention Center Admin (Operations) - NON TPA | A3250 | | | | | | | 4 |
| 19 | Detention Center Admin (Maintenance) - NON TPA | A3280 | | | | | | | |
| 20 | Departmental Billings - NON TPA | A3340 | | | | | | | |
| 22 | Direct Rentals - NON TPA | A3440 | | | | | | | |
| 23 | Trust Management Improvement Project (UTB) - NON TPA | A3A00 | | | | | | | |
| 24 | Assistant Secretary Support - NON TPA | A5000 | | | | | | | |
| 26 | Administrative Services (Central) - NON TPA | A5200 | | | | | | | |
| 27 | Administrative Services - NON TPA | A5220 | | | | | | | |
| 28 | Information Resources Technology - NON TPA | A5240 | | | [Redacted] | | | | |
| 29 | Human Resources Services - NON TPA | A5320 | | | | | | | |
| 32 | Executive Direction (Regional) - NON TPA | A6000 | | | | | | | |
| 34 | Admin Svcs (Regional-Safety) - NON TPA | A6110 | | | | | | | |
| 35 | Executive Direction - TPA/Agency | A9010 | | | | | | | |
| 38 | Administrative Services - TPA/Agency | A9120 | | | | | | | |
| 48 | Job Placement and Training - TPA/Tribal | C9035 | | | | | | | |
| 50 | Economic Development - TPA/Region | C9110 | | | | | | | |
| 54 | Road Maintenance - TPA/Tribal | C9250 | | | | | | | |
| 58 | Education Line Officers - NON TPA | E5030 | | | | | | | |
| 61 | Johnson O'Malley - TPA/Tribal | E9040 | | | | | | | |
| 65 | Tribal Scholarships - TPA/Tribal | E9310 | | | | | | | |
| 71 | Indian Reservation Road Program - NON TPA | F3100 | | | | | | | |
| 72 | Tribal Transportation Planning - NON TPA | F3600 | | | | | | | |
| 73 | Social Services - NON TPA | H5010 | | | | | | | |
| 74 | Housing Development - NON TPA | H5030 | | | | | | | |

Self Governance 2013 Funding Agreement - Reprogramming Request    Office of Self-Governance    Thursday, September 27, 2012
Tribe: SAC AND FOX NATION
BIA Tribal Organization Code: B08824
OSG Tribal Compact Code: OSGT824
BIA Area Office: B00100 - SOUTHERN PLAINS REGION
BIA Agency Office: B08100 - SHAWNEE AGENCY

| Line Item | Program Title | Cost Code | Info Tribal Share | A OSG Cumulative Base | B OSG Shortfall Base | C OSG Shortfall Request | D BIA Reprogram Request | E=A+B+C+D Total AFA | FN |
|---|---|---|---|---|---|---|---|---|---|
| 75 | Social Services - NON TPA | H6010 | | | | | | | |
| 76 | Housing Development - NON TPA | H6030 | | | | | | | |
| 78 | Social Services - TPA/Region | H9010 | | | | | | | |
| 79 | Social Services - TPA/Tribal | H9010 | | | | | | | |
| 80 | Welfare Assistance - TPA/Tribal | H9130 | | | | | | | 5 |
| 83 | Indian Child Welfare Act - TPA/Tribal | H9220 | | | | | | | |
| 84 | Housing Improvement Program - TPA/Tribal | H9370 | | | | | | | 6 |
| 86 | Criminal Investigations/Police Service - NON TPA | J3000 | | | | | | | 7 |
| 88 | Detention/Corrections - NON TPA | J3100 | | | | | | | 8 |
| 90 | Law Enforcement Projects - NON TPA | J3300 | | | | | | | 9 |
| 93 | Detention Facilities Operations - NON TPA | J3850 | | | | | | | |
| 98 | Tribal Courts Programs - TPA/Region | J9080 | | | | | | | |
| 99 | Tribal Courts Programs - TPA/Tribal | J9080 | | | | | | | |
| 122 | Natural Resources, General (UTB) - NON TPA | N5A10 | | | | | | | |
| 123 | Natural Resources, General (UTB) - NON TPA | N6A10 | | | [Redacted] | | | | |
| 129 | Minerals and Mining (UTB) - NON TPA | N6A60 | | | | | | | |
| 134 | Agriculture Program (UTB) - TPA/Region | N9B10 | | | | | | | |
| 135 | Agriculture Program (UTB) - TPA/Tribal | N9B10 | | | | | | | |
| 146 | Minerals & Mining Program (UTB) - TPA/Region | N9F60 | | | | | | | |
| 155 | Probate Backlog (UTB) - NON TPA | R5A10 | | | | | | | |
| 157 | Trust Services (UTB) - NON TPA | R5C10 | | | | | | | |
| 158 | Real Estate Services (UTB) - NON TPA | R5C40 | | | | | | | |
| 162 | Trust Services (UTB) - NON TPA | R6C10 | | | | | | | |
| 163 | Real Estate Services (UTB) - NON TPA | R6C40 | | | | | | | |
| 164 | Environmental Quality Services (UTB) - NON TPA | R6C70 | | | | | | | |
| 170 | Rights Protection - TPA/Region | R9120 | | | | | | | |
| 175 | Probate (UTB) - TPA/Region | R9B10 | | | | | | | |
| 178 | Real Estate Services Program (UTB) - TPA/Tribal | R9C70 | | | | | | | 3 |
| 180 | Real Estate Appraisals (Moved to OST) - TPA/Region | R9C80 | | | | | | | 3 |

Self Governance 2013 Funding Agreement - Reprogramming Request     Office of Self-Governance     Thursday, September 27, 2012
Tribe: SAC AND FOX NATION
BIA Tribal Organization Code: B08824
OSG Tribal Compact Code: OSGT824
BIA Area Office: B00100 - SOUTHERN PLAINS REGION
BIA Agency Office: B08100 - SHAWNEE AGENCY

| Line Item | Program Title | Cost Code | Info Tribal Share | A OSG Cumulative Base | B OSG Shortfall Base | C OSG Shortfall Request | D BIA Reprogram Request | E=A+B+C+D Total AFA | FN |
|---|---|---|---|---|---|---|---|---|---|
| 183 | Environmental Quality Program (UTB) - TPA/Region | R9D40 | | | | | | | |
| 189 | All Other Aid to Tribal Government - NON TPA | T6020 | | | | | | | |
| 191 | Other Aid to Tribal Government - TPA/Agency | T9020 | | | | | | | |
| 193 | Other Aid to Tribal Government - TPA/Tribal | T9020 | | | [Redacted] | | | | |
| 196 | Consolidated Tribal Government Program - TPA/Tribal | T9130 | | | | | | | |
| 197 | Self-Governance Compacts - TPA/Tribal | T9240 | | | | | | | |
| 199 | Contract Support - TPA/Region | T9370 | | | | | | | 10 |
| 203 | TPA General Increase - TPA/Tribal | T9901 | | | | | | | |
| 204 | 638 Pay Costs - TPA/Tribal | T9902 | | | | | | | |
| 205 | Retirement Adjustment - TPA/Tribal | T9903 | | | | | | | |
| 210 | Facilities Improvement & Repair - NON TPA | 11700 | | | | | | | |
| | Report Total | | | | | | | | |

AUTHORIZED FINANCIAL OFFICERS

_[signature]_
Bureau of Indian Affairs - Regional Office

_[signature]_
Tribe

_[signature: Ken Reinfeld]_
Office of Self Governance

Page: 3 of 5

Footnotes

1. The Tribal Transportation Program is being operated by the Nation under its Self-Governance Funding Agreement in FY 2013. A TTP Addendum will be negotiated, attached, and incorporated into the Funding Agreement. The amount shown in Column D is an estimate. The actual amount to be provided will be based upon the formula in Section 1119 of MAP-21.
2. The Tribal Transportation Planning Program is being operated by the Nation under its Self-Governance Funding Agreement in FY 2013. The amount shown in Column D is an estimate. The actual amount to be provided will be based upon Section 1119 of MAP-21.
3. The Sac & Fox Nation and Office of the Special Trustee for American Indians (OST) have negotiated and executed a Memorandum of Understanding for the Real Estate Appraisal Services Program in FY 2009 (MOU). This program will be governed by the terms of this MOU, which is attached and fully incorporated into the FY 2013 Annual Funding Agreement.
4. The amount shown is an estimate. The actual amount to be provided will be determined by the FMIS national distribution methodology used by the Bureau of Indian Affairs.
5. The amount shown in Column D is an estimate. The actual amount to be provided is to be determined and distributed based upon Welfare Assistance need as determined by the national distribution methodology used by the Bureau of Indian Affairs.
6. Funds will be distributed based on HIP eligible applicant data and shall be used in accordance with HIP regulations unless waived.
7. The amount shown in Column D is an estimate of the Sac & Fox Nation's recurring Criminal Investigations/Police Service funding. Any new eligible Law Enforcement Program funding will be determined and added to the Funding Agreement based on a determination by the Bureau of Indian Affairs Office of Justice Services. The Nation agrees to provide monthly uniform crime data reports pursuant to 25 C.F.R. § 12.41. The monthly reports are due by the 5th of each month and shall be submitted to the BIA District Office in the Nation's area.
8. The amount shown in Column D is an estimate of the Sac & Fox Nation's recurring Detention/Corrections funding. Any new eligible Detention/Corrections Program funding will be determined and added to the Funding Agreement based on a determination by the Bureau of Indian Affairs Office of Justice Services. The Nation agrees to provide monthly uniform crime data reports pursuant to 25 C.F.R. § 12.41. The monthly reports are due by the 5th of each month and shall be submitted to the BIA District Office in the Nation's area.
9. The amount shown in Column B is the amount of the Sac & Fox Nation's Law Enforcement Projects recurring funding.
10. The amount shown in Column D is an estimate of the Sac & Fox Nation's Contract Support funding. The actual amount to be provided is to be determined and will be distributed as described in the BIA's Contract Support Policy.



# SAC AND FOX NATION
920883 S Hwy. 99 Building A • Stroud, Oklahoma 74079 • (918) 968-1141 • FAX (918) 968-1142

RESOLUTION SF-13-70

SAC AND FOX NATION
SPECIAL BUSINESS COMMITTEE MEETING
SAC AND FOX RESERVATION
STROUD, OKLAHOMA

DECEMBER 18, 2012

FILED DATE 12-18-12
SECRETARY
SAC & FOX NATION
*Jaclyn K. Williams*

A RESOLUTION APPROVING THE UNITED STATES DEPARTMENT OF THE INTERIOR SELF-GOVERNANCE COMPACT/ANNUAL FUNDING AGREEMENT FOR FISCAL YEAR 2013 IN THE INITIAL ESTIMATED BASE AMOUNT OF FOUR MILLION FIVE HUNDRED NINETY ONE THOUSAND FOUR HUNDRED EIGHT DOLLARS ($4,591,408.00) FOR THE VARIOUS PROGRAMS, FUNCTIONS, SERVICES AND ACTIVITIES AS SPECIFIED, INCLUDING THE FISCAL YEAR 2013 ANNUAL FUNDING AGREEMENT, THE ROADS CONSTRUCTION, PLANNING AND BRIDGE PROGRAM ADDENDUM AND THE MEMORANDUM OF UNDERSTANDING WITH THE OFFICE OF SPECIAL TRUSTEE FOR REAL ESTATE APPRAISAL SERVICES.

**WHEREAS,** the Business Committee of the Sac and Fox Nation met in a Special meeting the 18th day of December 2012, there being a quorum present; and

**WHEREAS,** the Business Committee is authorized to transact business and act on behalf of the Nation pursuant to the Constitution and Laws of the Sac and Fox Nation; and

**WHEREAS,** the Fiscal Year 2013 Annual Funding Agreement is authorized by Title IV, P.L. 93-638 as amended; and

**WHEREAS,** the Department of the Interior Self-Governance Compact/Annual Funding Agreement for Fiscal Year 2013 is in the initial estimate base amount of Four Million Five Hundred Ninety One Thousand Four Hundred Eight Dollars ($4,591,408.00); and

**WHEREAS,** George Thurman in his official capacity as the Principal Chief or his designee is authorized to execute any and all documents relative to the Fiscal Year 2013 Department of the Interior Self-Governance Compact/Annual Funding Agreement; and

**WHEREAS,** it is in the best interest of the Sac and Fox Nation to approve the Fiscal Year 2013 Department of the Interior Self-Governance Compact/Annual Funding Agreement, the Roads Construction, Planning and Bridge Program Addendum and the Memorandum of Understanding with the Office of Special Trustee for Real Estate Appraisal Services.

**NOW, THEREFORE BE IT RESOLVED THAT** the Business Committee of the Sac and Fox Nation hereby approves the Fiscal Year 2013 Department of the Interior Self-Governance Compact/Annual Funding Agreement for the various programs, functions, services and activities as specified in the Department of the Interior Self-Governance Compact including the Roads Construction, Planning and Bridge Program Addendum and the Memorandum of Understanding with the Office of Special Trustee for Real Estate Appraisal Services. The Annual Funding Agreement shall be for the period of October 1, 2012 through September 30, 2013.

RESOLUTION SF-13-70
SPECIAL BUSINESS COMMITTEE MEETING
DECEMBER 18, 2012

## CERTIFICATION

**WE,** George Thurman, Principal Chief, and Jacklyn Williams, Secretary of the Sac and Fox Nation, do hereby certify the **Resolution SF-13-70** to be a true and exact resolution as approved by the Business Committee in a Special Meeting held the 18th day of December 2012, by a vote of: George Thurman __Yes__, Orvena Gregory __Yes__, Jacklyn Williams __Yes__, Carla Reed __Yes__, and Stella Nullake __Yes__.

_____
George Thurman, Principal Chief
Sac and Fox Nation

_____
Jacklyn Williams, Secretary
Sac and Fox Nation