# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOIS M. RICHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1154-M |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| *ex rel.*, UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 21, 2016. On September 1, 2016, plaintiff filed her response. On September 15, 2016, defendant filed its reply, and on December 5, 2016, pursuant to this Court's order, defendant filed its Supplement to Motion to Dismiss. Based upon the parties' submissions, the Court makes its determination.

I.   Background

The instant action, brought under the Federal Tort Claims Act ("FTCA"), arises from a motor vehicle collision in Stroud, Oklahoma, on March 24, 2013. Plaintiff alleges the collision was caused by the negligence of Jared Eversole ("Eversole"), a Sac and Fox Nation Tribal Police Officer. At the time of the collision, Eversole was on duty as a police officer employed by the Sac and Fox Tribe ("Tribe") and was responding to a Stroud officer's request for assistance in a domestic dispute, an assault call that involved weapons. Plaintiff alleges that Eversole was a federal employee at the time of the collision and that the United States has, thus, waived sovereign immunity under the FTCA.

The Tribe entered into a Compact of Self-Governance with the United States in 1991 ("Compact"). The Compact, and subsequent implementing agreements, known as Annual Funding Agreements ("AFAs") transferred certain responsibilities for governing the Tribe, such as law enforcement, from the federal government to the Tribe. Under the AFAs, the United States provides funds to the Tribe, which the Tribe uses to deliver services, among them law enforcement services.

II.     Discussion

Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss plaintiff's Complaint for lack of subject matter jurisdiction. Specifically, defendant asserts that it has not waived its sovereign immunity and it is not liable for the actions of Eversole, who is not an employee of the United States government.

> In 1990, after it enacted the [Indian Self Determination and Education Assistance Act ("ISDEAA")], Congress extended the FTCA's waiver of sovereign immunity to claims "resulting from the performance of functions . . . under a contract, grant agreement, or cooperative agreement authorized by the [ISDEAA] of 1975, as amended." 25 U.S.C. § 450f (note). This provision is commonly referred to as § 314, an allusion to its location within the Act. *See* Department of Interior and Related Agencies Appropriation Act, Pub.L. 101-512, § 314, 104 Stat 1915 (1990). However, the waiver of sovereign immunity is limited:
>> [A]n Indian tribe, tribal organization or Individual contractor is deemed hereafter to be part of the Bureau of Indian Affairs . . . while carrying out any such contract or agreement and its employees are deemed employees of the Bureau . . . while acting within the scope of their employment in carrying out the contract or agreement.
>
> *Id.*

*Shirk v. United States ex rel. Dep't of Interior*, 773 F.3d 999, 1003 (9th Cir. 2014). The Court, thus, must determine whether Eversole falls within the ambit of § 314, thereby subjecting defendant to potential tort liability.

2

> An employee's conduct is covered by the FTCA if, while executing his contractual obligations under the relevant federal contract, his allegedly tortious conduct falls within the scope of employment as defined by state law. Thus, the federal contract "defines the nature and contours of [an employee's] official responsibilities; but the law of the state in which the tortious act allegedly occurred determines whether the employee was acting within the scope of those responsibilities." *Lyons v. Brown*, 158 F.3d 605, 609 (1st Cir. 1998).

*Id.* at 1005-06. Further,

> § 314 requires a two-step approach. Because [t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction, a plaintiff in an FTCA suit must identify which contractual provisions the alleged tortfeasor was carrying out at the time of the tort. At the first step of the § 314 inquiry, courts must determine whether the alleged activity is, in fact, encompassed by the relevant federal contract or agreement. The scope of the agreement defines the relevant "employment" for purposes of the scope of employment analysis at step two. Second, courts must decide whether the allegedly tortious action falls within the scope of the tortfeasor's employment under state law. If both of these prongs are met, the employee's actions are covered by the FTCA.
>
> As this two-part test makes clear, however, a plaintiff's failure at either step is sufficient to defeat subject matter jurisdiction. If a court determines that the relevant federal contract does not encompass the activity that the plaintiff ascribes to the employee, or if the agreement covers that conduct, but not with respect to the employee in question, there is no subject matter jurisdiction. Likewise, if a court decides that the employee's allegedly tortious action does not fall within the scope of employment, the employee's conduct does not come within the FTCA.

*Id.* at 1006-07 (internal quotations and citation omitted).

The Court will first address whether the activity that Eversole was engaged in at the time of the collision is encompassed by the Compact and AFAs. The 2013 AFA provides that the United States will provide funding, and the Tribe will assume responsibility, for law enforcement and corrections, which includes criminal investigations/police services. *See* Section 2 of the 2013 Annual Funding Agreement Between The Sac And Fox Nation And The United States of America

3

and attached Reprogramming Request, attached as Exhibit 4 to defendant's Supplement to Motion to Dismiss. The AFA, however, provides no further detail as to what is encompassed within law enforcement or police services. The Court, thus, must determine what services the Department of Interior was originally responsible for, as the Department of Interior could only delegate responsibility to the Tribe for those services for which it was responsible.

The Indian Law Enforcement Reform Act ("ILERA"), 25 U.S.C. § 2801, et seq., provides that the Secretary of the Department of the Interior, acting through the Bureau of Indian Affairs, "shall be responsible for providing, or for assisting in the provision of, law enforcement services in Indian country as provided in this chapter." 25 U.S.C. § 2802(a). Section 2803 of the ILERA provides, in pertinent part:

> The Secretary may charge employees of the Bureau with law enforcement responsibilities and may authorize those employees to –
>
> \*      \*      \*
>
> (8) when requested, assist (with or without reimbursement) any Federal, tribal, State, or local law enforcement agency in the enforcement or carrying out of the laws or regulations the agency enforces or administers.

25 U.S.C. § 2803(8).

The Court, therefore, finds that assisting, when requested, a local law enforcement agency in the enforcement or carrying out of the laws the agency enforces would be encompassed within the law enforcement services included in the Compact and the AFAs. The Court further finds that Eversole's actions of responding to a Stroud officer's request for assistance would be encompassed by the Compact and the AFAs.

The Court will now address whether the activity that Eversole was engaged in at the time of the collision falls within the scope of his employment. Under Oklahoma law, "scope of employment" is defined as performance by an employee acting in good faith within the duties of his employment or of tasks lawfully assigned by a competent authority. *See Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). The Court finds that driving a Sac and Fox Nation Tribal Police vehicle to respond to a request for assistance from a Stroud police officer would fall within the duties of Eversole's employment as a Sac and Fox Nation Tribal Police Officer. The Court, therefore, finds that the activity that Eversole was engaged in at the time of the collision falls within the scope of his employment.

Because both prongs have been met, the Court finds that Eversole's actions are covered by the FTCA and that defendant has waived its sovereign immunity and is liable for the actions of Eversole.

III. Conclusion

Accordingly, the Court DENIES defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket no. 12].

**IT IS SO ORDERED this 24th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE